UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DOMINIQUE NATHANIEL SANFORD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 12-179-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID FRYE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the respondent's motion to dismiss the petition filed pursuant to 28 U.S.C. § 2254.[1] Because the petitioner has failed to exhaust state court remedies and has not shown that such remedies would be ineffective, inadequate or otherwise futile, the respondent's motion will be granted and this action will be dismissed. However, because the petition contains entirely unexhausted claims, the dismissal will be without prejudice.

**I.**

On April 23, 2010, Petitioner Dominique Sanford and Jettadia Johnson committed five armed robberies involving nine victims.[2] Police spotted Sanford and Johnson shortly after the

---

[1] Although the respondent was given time to file a reply to the petitioner's response, the Court determines that a reply is not needed because the petitioner has failed to present any substantive arguments regarding his failure to exhaust his state remedies.

[2] The facts relevant to this action are set out in the Memorandum Opinion of the Supreme Court of Kentucky in the action styled: *Dominique Nathaniel Sanford v. Commonwealth of*

fifth robbery and attempted to pull-over their vehicle. However, a chase ensued. Sanford and Johnson fled on foot after crashing into several occupied cars. Although one handgun was found near the crash scene, police had reason to believe that both robbers possessed guns during the robberies. Johnson later confessed and implicated Sanford in the crimes. Sanford was subsequently indicted for nine counts of first degree robbery; one count of first-degree fleeing or evading; four counts of first-degree wanton endangerment; one count of leaving the scene of an accident/failing to render aid or assistance; failure of a non-owner to maintain required insurance; and one count of no operator's license.

Sanford entered a guilty plea to one count of first-degree robbery in exchange for a twelve-year sentence and one (amended) count of second-degree robbery in exchange for an eight-year sentence. The parties reserved the right to argue whether the terms should run consecutive or concurrent. Although Sanford argued that the sentences for the two counts of conviction should run concurrent and was allowed to raised other arguments, he was eventually sentenced by the state circuit court to consecutive terms.

Despite the fact that Sanford waived the right to appeal his conviction and sentence, the petitioner filed an appeal. However, on December 22, 2011, the Supreme Court of Kentucky affirmed the circuit court's judgment. And due to the state prosecutor's failure to raise the waiver provision of Sanford's plea agreement, the court addressed – and rejected – all of the substantive challenges that the petitioner raised to his conviction and sentence.

---

*Kentucky*, 2011-SC-000143-MR (December 22, 2011). *See* Record No. 19, Attachment.

## II.

Petitioner Sanford did not seek collateral relief under Kentucky Rule of Criminal Procedure 11.42. Instead, on June 4, 2012, he filed this action pursuant to 28 U.S.C. § 2254. [Record No. 1] In his petition, Sanford claims that his conviction should be set aside because: (1) it is void due to the fact that he did not "understand the law in relation to the facts"; (2) his confession was obtained in violation of his right against self-incrimination; (3) the Commonwealth of Kentucky failed to disclose certain evidence to him; and (4) the grand jury that indicted him was unconstitutionally selected and impaneled. Sanford concedes in paragraph 13 of his habeas petition that none of the grounds upon which he now seeks relief were raised previously in any state or federal court proceeding. However, he claims that this was the result of a lack of resources. [Record No. 1, p.6]

On October 9, 2012, Respondent David Frye moved the Court to dismiss this action filed pursuant to 28 U.S.C. § 2254 based on the petitioner's failure to exhaust state court remedies. [Record No. 19] In his response, Sanford argues that the petition should not be dismissed because his guilty plea was involuntary due to his failure to understand the nature of the charges at the time the plea was entered. Further, he seems to contend that state court remedies are insufficient, inadequate, and futile due to lack of subject matter and personal jurisdiction and due to the state court's lack authority under the United States Constitution to enter the judgment in question. [Record No. 21] Sanford has not provided any legal or factual basis for any of his vague arguments.

### III.

As a general matter, a state prisoner must ordinarily exhaust all available state remedies prior to seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b). As noted in subsection (c) of the statute, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Further, to satisfy the exhaustion requirement, a petitioner must "fairly present" his claims to the state's highest court, thereby giving it a "full and fair opportunity to rule on the petitioner's claims." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (reaffirming that, before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Under such circumstances, the petitioner bears the burden of proving that he has exhausted all available state remedies. *Carver v. Staub*, 349 F.3d 340 (6th Cir. 2003).

In the present case, it is undisputed that Sanford has not presented any of the four grounds he seeks to raise in support of his claim for collateral relief in any state court, notwithstanding the fact that such relief could be sought under available state remedies. To fairly present a federal claim, a petitioner must plead both a factual and legal basis for the claim. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Here, his pleading is deficient in both respects. Further, Sanford has failed to fairly articulate any basis to support his assertion that the state remedies would be inadequate, insufficient or otherwise futile. As a result, dismissal of the petition is appropriate. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (explaining that the purpose of the

exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court).

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.  Respondent David Frye's motion to dismiss [Record No. 19] is **GRANTED**.

2.  This action is **DISMISSED,** without prejudice, and **STRICKEN** from the Court's docket.

This 13th day of November, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge